UNITED STATES of America,
Appellee,

v.

Gary Lee MACK, Appellant.

No. 74–2123.

United States Court of Appeals,
Ninth Circuit.

Dec. 24, 1974.

Certiorari Denied April 14, 1975.
See 95 S.Ct. 1578.

John Cleary (argued), of Federal Defenders, Inc., San Diego, Cal., for appellant.

Jeff Arbetman, Asst. U. S. Atty., San Diego, Cal., for appellee.

Before CHAMBERS and GOODWIN, Circuit Judges, and EAST,* District Judge.

## OPINION

PER CURIAM:

Gary Lee Mack urges that the imposition of a three-year prison term and a two-year special parole term pursuant to 21 U.S.C. § 841 in a corrective sentence following a successful appeal to this court violated the Double Jeopardy Clause of the Fifth Amendment. On the prior appeal we stated that imposition of an identical sentence did not violate the Double Jeopardy Clause. United States v. Mack, 494 F.2d 1204, 1206–1208 (9th Cir. 1974). Mack contends that this statement must be deemed dictum since we went on to hold that a valid sentence had not been imposed.

Mack argues that, because the sentencing judge had pronounced only a three-year sentence in the first, defective sentence, this three-year term became the upper limit for all punishment, including any mandatory parole period necessary to make the sentence legal. In other words, he argues that the sentencing court was bound by double-jeop-

* The Honorable William G. East, United States District Judge for the District of Oregon, sitting by designation.

ardy principles to carve the mandatory special parole term out of the three years first pronounced. In the first appeal we found nothing in the cases cited by appellant to require such a result, and he has offered no new support for his argument. It is clear that Congress, in enacting the mandatory special parole term, did not intend that it be carved out of the custodial portion of a sentence arrived at by the sentencing court in the exercise of its sentencing discretion. The statute says that the parole term must be added to the term of imprisonment.

Affirmed.