Bryan Duane FASSETTE, 18953–148,
Petitioner,

v.

UNITED STATES of America,
Respondent.

No. CV 77–4481–IH.

United States District Court,
C. D. California.

Feb. 3, 1978.

As Amended Feb. 7, 1978.

Bryan Duane Fassette, in pro per.

Andrea Sheridan Ordin, U. S. Atty., Hector C. Perez, Asst. U. S. Atty., Los Angeles, Cal., for respondent.

## ORDER DENYING MOTION UNDER 28 U.S.C. § 2255

IRVING HILL, District Judge.

■ The instant proceeding was begun by a letter dated November 17, 1977, to the Court from the Petitioner acting in pro. per. The Court treated said letter as a motion under 28 U.S.C. § 2255. The motion grows out of a conviction of the Petitioner in the Court of the undersigned in the case of *United States v. Fassette* and others, No. CR 74–756–IH.

The Court on November 30, 1977, ordered a response to the motion from the Government, which response was filed January 17,

1978. Petitioner's reply to the Government's Response was filed January 30, 1978.

The Court has considered the files and records of the underlying criminal case and of this proceeding. No hearing is necessary or appropriate. The only questions presented are questions of law. It appears to the Court that Petitioner's motion should be denied on the merits.

Petitioner pled guilty to Count 1 of a three count indictment. Count 1 charged a violation of 21 U.S.C. § 846, which punishes conspiracy to violate any offense defined in Subchapter I of the Comprehensive Drug Abuse and Control Act of 1970. Subchapter I is comprised of 21 U.S.C. §§ 801–904. Count 1 charged that Fassette and others had conspired to manufacture and distribute amphetamines, a Schedule II controlled substance, the manufacture and distribution of which is prohibited in § 841(a)(1).

Fassette was sentenced to a term of 5 years on Count 1, the conspiracy charge. The sentence also gave him the benefit of the provisions of 18 U.S.C. § 4205(b)(2). No special parole term of any kind was incorporated in the sentence.

Fassette makes two claims. First, he claims that his sentence was illegal in that a special parole term of at least two years should have been included. He proceeds from that claim to a contention that the required two-year special parole term should now be carved out of his 5-year sentence so as to make it a 3-year jail sentence to be followed by a 2-year special parole term.

■ Neither of Fassette's contentions are legally valid. First of all, even if it is assumed that the original sentence was invalid because of failure to include a special parole term of at least two years, Fassette would not be entitled to have that two year period carved from the original 5-year sentence. *See* the precise holdings of our Circuit on that point in *United States v. Mack*, 494 F.2d 1204, 1207 (9th Cir. 1974) and *United States v. Mack*, 509 F.2d 615 (9th Cir. 1974), *cert. denied* 421 U.S. 916, 95 S.Ct. 1578, 43 L.Ed.2d 783 (1975). The only remedy for such an improper sentence is a re-sentencing at which the required special parole term would be added to the imprisonment term then imposed, which imprisonment term could be the same 5-year imprisonment term as was originally imposed.

■ The Government joins Fassette in the contention that a special parole term should have been imposed in this case. In my view, both are wrong as to the law. The crime of which Fassette was convicted is not the substantive offense of manufacturing or distributing a controlled substance as prohibited and punished in 21 U.S.C. § 841. He was convicted of a conspiracy to do those things. Such a conspiracy is not punished by 21 U.S.C. § 841. Such conspiracy is made a separate offense by 21 U.S.C. § 846 and the punishment for such a conspiracy is separately prescribed by 21 U.S.C. § 846.

The punishment for the substantive offenses punishable under 21 U.S.C. § 841 is set forth in 21 U.S.C. § 841(b). For a substantive offense involving amphetamines (which are classified as a Schedule II non-narcotic drug), the punishment is prescribed as a term of imprisonment not to exceed five years, fine not to exceed $15,000, or both. 21 U.S.C. § 841(b)(1)(B). The same punishment subsection goes on to provide that any court imposing a term of imprisonment shall also impose a special parole term of at least two years. The operative language is as follows:

"Any sentence imposing a term of imprisonment under this paragraph, shall . . . impose a special parole term of at least two years in addition to such term of imprisonment. . . ." (Underscoring supplied).

So if any imprisonment is imposed for the substantive offenses, the special parole term is mandated *in addition* to the imprisonment.

However, 21 U.S.C. § 846 is quite different in its language. That section in relevant part reads:

"Any person who . . . conspires to commit any offense defined in this subchapter [which subchapter includes § 841]

is punishable by <u>imprisonment or fine or both</u> which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the . . . conspiracy." (Underscoring supplied).

The clear meaning of § 846 is, as I read it, that the punishment for violation of that section shall consist only of "imprisonment or fine or both". A special parole term of the type prescribed by 21 U.S.C. § 841 is punishment *in addition to* imprisonment and fine. Section 841 specifically refers to such a special parole term as something "in addition to" imprisonment.

A statute providing punishment for a criminal offense should be strictly construed. It cannot be doubted that a special parole term which follows a term of imprisonment is a significant additional detriment to the defendant. I find no language in § 846 which would permit any kind or type of punishment or detriment which is additional to fine and imprisonment. I find no language in that section which would authorize imposing a special parole term thereunder. The words of § 846 "which may not exceed the maximum punishment prescribed for the [substantive] offense" modify the words "punishable by imprisonment or fine or both". I read the reference to "maximum punishment prescribed for the [substantive] offense" as referring to the maximum fine and imprisonment pre-

scribed for the substantive offense. I read § 846 as not permitting all of the types and kinds of punishment prescribed for the substantive offense but as permitting only fine and imprisonment which shall not exceed the maximum fine and imprisonment prescribed for the substantive offense.*

If Congress had intended and had desired to have the permissible punishment for the conspiracy offense of § 846 identical with that permitted for the substantive offense of § 841, it could easily and clearly have said so. Instead, Congress has used language in § 846 which separately defines the permissible punishment for violations of that section and uses different language in defining it.[1]

Only one reported decision seems to involve the question which is considered herein. It is *United States v. Dankert,* 507 F.2d 190 (5th Cir. 1975). That opinion holds that a special parole term in addition to imprisonment may be imposed under 21 U.S.C. § 963. Section 963 is a conspiracy section which is related to other sections defining and punishing substantive offenses, i. e., 21 U.S.C. §§ 952(a)(1) and 960(b)(1). Those substantive offense sections punish importation of narcotics rather than manufacture thereof and are companion sections to the substantive offense sections involved in the instant case. Those substantive offense sections also authorize fine and imprisonment as punishment and mandate a special parole term if imprisonment is given. The

---

\* It is quite common in federal criminal practice for there to be a difference in the maximum punishment allowed for a substantive offense and for a conspiracy to commit that offense. For example, the maximum punishment for the substantive offense of bank robbery under 18 U.S.C. § 2113 is twenty years imprisonment and a $5,000 fine. Conspiracy to commit bank robbery is punished by 18 U.S.C. § 371 and the maximum punishment for such conspiracy is five years imprisonment and a $10,000 fine.

1. The legislative history of § 846, insofar as it is available to the Court, appears to support the construction I have given to the section. Section 846 was § 406 of the Comprehensive Drug Abuse Prevention and Control Act of 1970, P.L. 91–513. The report of the House Interstate and Foreign Commerce Committee (House Report No. 91–1444) appears to be the definitive explanation of Congressional intent. That Commit-

tee's explanation of § 406 of the Act is found at Vol. 3 *U.S.Code Cong. & Ad.News,* 91st Cong. 2nd Sess. 1970, p. 4617. The entire explanation of this section by the House Committee is as follows:

> "Section 406 provides that any person who . . . conspires to commit any offense defined in this title may be punished by imprisonment and/or fine which may not exceed the maximum <u>amount</u> set for the offense, the commission of which was the object of the . . . conspiracy." (Underscoring supplied).

This would seem to buttress the argument that the statutory reference to "maximum punishment" prescribed for the substantive offense refers to the maximum amount of fine and imprisonment which could have been prescribed and to nothing else.

conspiracy section, § 963, in providing the punishment for a conspiracy to violate those substantive sections, uses language identical to that used in § 846. In other words, the statutory scheme and the language used are indistinguishable from the statutes involved in the instant case.

So it is not possible to distinguish the *Dankert* case. But *Dankert* is a very short *per curiam* opinion which is not persuasively reasoned. With respect, I decline to follow it.[2]

The question decided herein is of some importance. One hopes that it will be settled for this Circuit by the Ninth Circuit Court of Appeals. If the Government seeks to have the matter determined in this case, it should be noted that in the course of imposing the instant sentence on Fassette, the Court asked the Assistant United States Attorney in charge of the case, who is one of the most veteran and experienced prosecutors in this District, whether a special parole term was required to be part of the sentence. His reply was an unequivocal statement that no such requirement exists. See page 27 of the Transcript of proceedings, ORDERED filed contemporaneously with this Order. If Fassette seeks to obtain an appellate holding on the point, he runs the risk of having an additional special parole term added to the sentence already imposed. But an appellate decision would nevertheless be desirable.

FOR THE REASONS ABOVE STATED, IT IS ORDERED AS FOLLOWS:

1. The instant motion under 28 U.S.C. § 2255 is denied.

2. The Clerk shall transmit a copy of this Order and of the Judgment entered contemporaneously herewith by United States mail to Petitioner, to his counsel of record, and to the United States Attorney.

---

2. Petitioner cites *United States v. Barnard*, 553 F.2d 389 (5th Cir. 1977) and *United States v. Scholle*, 553 F.2d 1109 (8th Cir. 1977). It is true that in each of those cases a conviction was affirmed which imposed the special parole term in addition to imprisonment for the conspiracy offense. But in neither of those cases was the validity of the special parole term challenged or discussed. They are, therefore, of no precedential value. Equally irrelevant is Petitioner's contention that in this District and elsewhere, other judges are commonly imposing a special parole term as part of a sentence under § 846.