**Ernest J. JOHNSON, Defendant below, Appellant,**

v.

**STATE of Delaware, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Submitted Sept. 15, 1978.

Decided Dec. 4, 1978.

&ast; &ast; &ast; &ast; &ast; &ast;

John J. Thompson, Wilmington, for defendant below, appellant.

Michael F. Foster, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, Chief Justice, DUFFY and McNEILLY, Justices.

McNEILLY, Justice:

Defendant, Ernest J. Johnson, appeals his reindictment, trial and conviction following a mistrial on lesser charges arising out of the same circumstances, the reindictment resulting only from a reassessment of the circumstances by the Attorney General. We reverse.

### I

The defendant was indicted originally for attempted murder, second degree, two counts of robbery, second degree, and two counts of conspiracy, second degree with possible penalties of life imprisonment for attempted murder, second degree, ten years for each count of robbery, second degree, and seven years for each count of conspiracy, second degree. Upon reindictment he was charged with the more serious charges of attempted murder, first degree, two counts of robbery first degree, and two counts of conspiracy, second degree, as in prior indictment, with possible sentences respectively of mandatory life imprisonment, two terms of thirty years imprisonment, and two terms of seven years imprisonment. The only reason appearing in the record for reindicting the defendant on the more serious charges is a statement of the prosecutor during an office conference with the Trial Judge prior to the first trial that the defendant was undercharged.

### II

This case is governed by the principles announced in *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). In that case defendant was charged and convicted in North Carolina of assault with a deadly weapon, a misdemeanor. He appealed, and, under North Carolina law, he was entitled to a trial *de novo*, the prior conviction being annulled, and the prosecution and defense beginning anew in the Superior Court. Prior to defendant's appearance for trial *de novo*, the prosecutor obtained an indictment for the same conduct charging the felony of assault with a deadly weapon with intent to kill and inflict serious bodily injury. Defendant entered a plea of guilty and was sentenced. Several months later defendant filed an application for a writ of *habeas corpus* claiming double jeopardy and deprivation of due process. The writ was granted in the United States District Court which held that the bringing of the felony charge violated defendant's rights under the Double Jeopardy Clause of the Fifth Amendment made applicable to the states through the Fourteenth Amendment. The Court of Appeals affirmed, and the United States Supreme Court granted certiorari. Without reaching the double jeopardy contention the United States Supreme Court held that it was not constitutionally permissible for the State to respond to the defendant's statutory right to a trial *de novo* on appeal by bringing a more serious charge against the defendant prior to the trial *de novo*.

Applying the rationale of *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23

L.Ed.2d 656 (1969), *Colten v. Kentucky*, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972), and *Chaffin v. Stynchcombe*, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973), Mr. Justice Stewart, delivering the opinion of the Court, stated:

> "The lesson that emerges from *Pearce, Colten*, and *Chaffin* is that the Due Process Clause is not offended by all possibilities of increased punishment upon retrial after appeal, but only by those that pose a realistic likelihood of 'vindictiveness.' Unlike the circumstances presented by those cases, however, in the situation here the central figure is not the judge or the jury, but the prosecutor. The question is whether the opportunities for vindictiveness in this situation are such as to impel the conclusion that due process of law requires a rule analogous to that of the *Pearce* case. We conclude that the answer must be in the affirmative.
>
> A prosecutor clearly has a considerable stake in discouraging convicted misdemeanants from appealing and thus obtaining a trial *de novo* in the Superior Court, since such an appeal will clearly require increased expenditures of prosecutorial resources before the defendant's conviction becomes final, and may even result in a formerly convicted defendant's going free. And, if the prosecutor has the means readily at hand to discourage such appeals—by 'upping the ante' through a felony indictment whenever a convicted misdemeanant pursues his statutory appellate remedy—the State can insure that only the most hardly defendants will brave the hazards of a *de novo* trial.
>
> There is, of course, no evidence that the prosecutor in this case acted in bad faith or maliciously in seeking a felony indictment against Perry. The rationale of our judgment in the *Pearce* case, however, was not grounded upon the proposition that actual retaliatory motivation must inevitably exist. Rather, we emphasized that 'since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.' 395 U.S. at 725, 89 S.Ct. at 2080. We think it clear that the same considerations apply here. A person convicted of an offense is entitled to pursue his statutory right to a trial *de novo*, without apprehension that the State will retaliate by substituting a more serious charge for the original one, thus subjecting him to a significantly increased potential period of incarceration." 417 U.S. at 27–8, 94 S.Ct. at 2102.

Courts have interpreted this language to mean that in the context of a colorable claim of prosecutorial vindictiveness by an "upping the ante" situation, the prosecutor must justify bringing a more serious charge in the same manner as would a judge under *Pearce* when inflicting increased punishment on retail. *Fassette v. United States*, C.D.Cal., 444 F.Supp. 1245 (1978), *United States v. DeMarco*, 9th Cir., 550 F.2d 1224 (1977).

Everything that Justice Stewart said about indictment for a felony following an appeal from a misdemeanor conviction is equally applicable to an enlarged indictment following a defendant's successful motion for mistrial. The potential for prosecutorial vindictiveness is essentially the same in each case and, for that reason, we conclude that the same rule of law applies. Hence, the judgment in this case must be reversed.

We emphasize that our ruling is not based on bad faith by the State—indeed, none has been found in this case. Nor do we say that an indictment on a more serious charge is impermissible after a mistrial when the facts have changed.

\* \* \* \* \* \*

REVERSED and REMANDED with instructions to strike the judgments of conviction appealed from, to enter judgments of conviction upon the original charges of two counts of robbery second degree, and to resentence defendant thereon.