UNITED STATES of America, Plaintiff,

v.

Andrew K. MEARNS, III, Defendant.

Crim. A. No. 77–90.

United States District Court,
D. Delaware.

Dec. 8, 1978.

---

642

John H. McDonald, Asst. U. S. Atty., Wilmington, Del., for plaintiff.

Andrew K. Mearns, III, pro se.

## OPINION

STAPLETON, District Judge:

On October 6, 1977, the defendant was indicted on four counts. Counts I and II charged distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). Count III charged possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Count IV charged a conspiracy to possess and distribute cocaine in violation of 21 U.S.C. § 846. On February 1, 1978, after the disposition of pretrial defense motions,[1] the government and the defendant entered into a plea agreement. Pursuant to that agreement, Mearns pled guilty to Count IV,

the conspiracy count. The government agreed to dismiss Counts I, II and III. After accepting the plea agreement, the Court gave the defendant the choice of being sentenced to an indeterminate term under the Youth Corrections Act, 18 U.S.C. § 5005, et seq., or being sentenced as an adult for a period of six months, to be followed by a special parole term of three years, pursuant to 21 U.S.C. § 846. The defendant chose the adult sentence.

The defendant has completed service of the six months of imprisonment. He now claims, however, that the imposition of the special parole term for a conspiracy conviction is illegal and has moved to correct his sentence, pursuant to Rule 35 of the Federal Rules of Criminal Procedure.[2] The government opposes the motion and contends that the sentence is not illegal. In order to understand the contentions of the parties, it is necessary to examine the relevant statutory provisions.

Under 21 U.S.C. § 841(a)(1), the manufacture, distribution, or possession with intent to distribute, of specified controlled substances, is a criminal offense. Section 841(b), which provides for sentencing for convictions under Section 841(a), states, in pertinent part:

. . . any person who violates subsection (a) of this section shall be sentenced as follows:

(1)(A) In the case of a controlled substance in schedule I or II which is a narcotic drug, such person shall be sentenced to a term of imprisonment of not more than 15 years, a fine of not more than $25,000, or both. . . . Any sentence imposing a term of imprisonment under this paragraph shall, in the absence of a prior conviction, impose a special parole term of at least 3 years in addition to such term of imprisonment . . . .

Thus, if a person convicted of violating Section 841(a) receives a sentence including any imprisonment, a mandatory special parole term is also imposed. Section 841(c) provides:

---

1. *United States v. Mearns,* 443 F.Supp. 1244 (D.Del.1978).

2. Rule 35 provides that "[t]he court may correct an illegal sentence at any time . . .".

A special parole term imposed under this section . . . may be revoked if its terms and conditions are violated. In such circumstances the original term of imprisonment shall be increased by the period of the special parole term and the resulting new term of imprisonment shall not be diminished by the time which was spent on special parole. A person whose special parole term has been revoked may be required to serve all or part of the remainder of the new term of imprisonment. . . .

21 U.S.C. § 846, the statute under which the defendant was convicted, provides:

Any person who . . . conspires to commit any offense defined in this subchapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the . . . conspiracy.

The issue presented by this motion is whether Section 846 allows the imposition of a special parole term for a conspiracy conviction.

Section 846, on its face, provides for a sentence only of "imprisonment or fine or both . . . ". The government's main argument in opposition to the defendant's motion is that the special parole term is included within the meaning of "imprisonment" as that word is used in Section 846. The recent decision of the Tenth Circuit in *United States v. Jacobson,* 578 F.2d 863 (10th Cir. 1978), supports this view. *See also United States v. Dankert,* 507 F.2d 190 (5th Cir. 1975). The *Jacobson* court stated at 578 F.2d at 868:

From the wording in § 841(b)–(c), it would appear that Congress viewed the special parole term as being a part of the term of imprisonment to which it was applied. Paragraphs (1) to (3) of § 841(b) all make a special parole term mandatory whenever imprisonment is also imposed. Thus, a parole term may never be imposed without imprisonment; it must always accompany imprisonment. Section 841(c) provides, in addition, that violation of the special parole may result in an increase in the original term of imprisonment to the extent of the length of the special parole term. It is impossible, therefore, to accept the argument that the parole term is to be imposed only where the charge is violation of the substantive provision. It is logical to view the reference to imprisonment in § 846 as intending to incorporate all of the imprisonment provision in § 841(b).

However, I respectfully disagree with the construction of Section 846 reached by the *Jacobson* court and urged by the government. That construction ignores an important part of the language of Section 841(b)(1)(A). That section provides that where a special parole term is mandated by a sentence of imprisonment, it is to be imposed "in addition to such term of imprisonment." Thus, as used in Section 841, special parole is not merely part of imprisonment, but is considered to be something additional to the imprisonment. I do not believe that the use of the word "imprisonment" in Section 846 was meant to be any broader in scope than its use in Section 841(b)(1)(A). Thus, my reading of Section 846 leads me to the conclusion that the only sentences permitted for its violation are imprisonment or fine, or both, and that a term of special parole may not be imposed. As the court said in *Fassette v. United States,* 444 F.Supp. 1245, 1247 (C.D.Cal. 1978):

If Congress had intended and had desired to have the permissible punishment for the conspiracy offense of § 846 identical with that permitted for the substantive offense of § 841, it could easily and clearly have said so. Instead, Congress used language in § 846 which separately defines the permissible punishment for violations of that section and uses different language in defining it.

I agree with the conclusion of the *Fassette* court, especially since Section 846 is a criminal statute which must be given a strict construction.

Finally, the government argues that since the defendant was given a choice of two sentences, and chose the adult sentence

which included a term of special parole, he cannot now complain about that sentence. However, merely because the defendant was given a choice of sentences and chose one which erroneously stated the applicable law does not mean that he must suffer the consequences of the Court's misstatement by serving an illegal sentence.

An Order will be entered correcting the defendant's illegal sentence by deleting the requirement that he have a special parole term of three years.