UNITED STATES of America

v.

Dominic JACQUINTO.

UNITED STATES of America

v.

Raymond TRAINOR.

Crim. Nos. 78–322–1, 78–322–2.

United States District Court,
E. D. Pennsylvania.

Feb. 2, 1979.

Theodore A. McKee, Asst. U. S. Atty., Philadelphia, Pa., for Government.

Anthony J. DeFino, Philadelphia, Pa., for Jacquinto.

Joseph M. Miller, Philadelphia, Pa., for Trainor.

OPINION

CORRECTION OF DEFECTIVE
RULE 11 HEARING

JOSEPH S. LORD, III, Chief Judge.

On January 2, 1979, Dominic Jacquinto pleaded *nolo contendere* to a charge of violating 21 U.S.C. § 846, which prohibits, *inter alia*, conspiring to distribute controlled substances. On that same date, Raymond Trainor pleaded guilty to a charge of violating the same conspiracy statute, as well as to charges of violating 21 U.S.C. § 841, which prohibits the substantive offense of distribution. At the plea hearing, in informing the defendants of the maximum penalty to which they would be subject under § 846, I relied upon the representa-

tions of the Assistant United States Attorney that such penalty includes a mandatory special parole term.

I have since determined, *mea sponte*[1], that § 846 does *not* empower me to impose a term of special parole. Accordingly, I am re-opening the Rule 11 hearing in order to inform the defendants that the lawful maximum punishment under § 846 includes only fine and/or imprisonment, but not special parole. Also, since it is apparent that both the United States Attorney's Office and the Probation Office[2] have misread § 846, I will set forth my reasons for concluding that that statute does *not* authorize the imposition of a special parole term.

Sections 841 and 846 of 21 U.S.C. are both part of the Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub.L. No. 91–513. As punishment for violating the substantive offense defined in § 841, Congress has provided for penalties of a fine or imprisonment or both. In addition, if a defendant is sentenced to a term of imprisonment under § 841, the court is *required* to impose a "special parole" term in addition to the term of imprisonment. Under § 846, conspiracy is

> "punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the . . . conspiracy."

On its face, § 846 does *not* provide for the imposition of a special parole term. Parole, by its very definition, is a penalty which is distinct from imprisonment; it is a term of supervision served *outside* a penal institution. All that § 846 provides is that any fine or prison term imposed for conspiracy may not exceed the maximum fine or term of imprisonment permissible for the substantive violation. *Fassette v. United States*, 444 F.Supp. 1245 (C.D.Cal.1978). This reading of the statute is supported by the legislative history; the House Report which accompanied the 1970 Act states that § 846[3]

> "provides that any person who . . . conspires to commit any offense defined in this title may be punished by imprisonment and/or fine which may not exceed the maximum *amount* set for the offense, the commission of which was the object of the . . . conspiracy."

House Report No. 1444, 91st Cong.2d Sess., 3 U.S.Code Cong. and Admin.News, p. 4566, 4617 (1970) [emphasis added].

Aside from the plain meaning of the terms "parole" and "imprisonment", further evidence that Congress did not intend to authorize the imposition of special parole under § 846 is provided by the enumeration of all three penalties (fine, imprisonment, and special parole) under §§ 841 and 845 (prohibiting distribution to persons under age 21) but of only the first two under § 846. Indeed, the "special parole" term is referred to under § 841 as that term imposable under §§ 841 and 845; § 846 is *not* mentioned. 21 U.S.C. § 841(c). As Judge Hill stated in *Fassette, supra,*

> "[i]f Congress had intended and had desired to have the permissible punishment for the conspiracy offense of § 846 identical with that permitted for the substantive offense of § 841, it could easily and clearly have said so. Instead, Congress has used language in § 846 which separately defines the permissible punishment for violations of that section and uses different language in defining it."

444 F.Supp. at 1247.[4]

Judge Stapleton has recently adopted the *Fassette* holding in *United States v.*

---

1. Neither defense attorney has moved to correct the error.

2. The Pre-sentence Investigation Reports prepared by the Probation Office in these two cases state that the maximum penalty available under § 846 is the "same as [that for the] substantive offense. 5 years and/or $15,000 plus at least two years' special parole."

3. Section 406 of the 1970 Act.

4. It is also noteworthy that House Report 91–1444, *supra*, does *not* mention special parole as a punishment for conspiracy, but *does* discuss it as a penalty for the substantive offense, § 841 [section 401 of the 1970 Act], and for the distribution to persons under age 21, § 845 [section 405 of the Act]. *See* 3 U.S.Code Cong. and Admin.News, pp. 4614–4617 (1970). If in

*Mearns,* 461 F.Supp. 641 (D.Del., 1978). The Court of Appeals for the Tenth Circuit, however, has held that § 846 *does* authorize a court to impose a special parole term; the panel in *United States v. Jacobson,* 578 F.2d 863 (10th Cir. 1978) concluded that Congress viewed "special parole" as *part* of the term of "imprisonment".[5] With all due respect to that panel, not only is its conclusion untenable given the fact that "parole" and "imprisonment" are mutually exclusive, but in drawing its conclusion, the panel

> "ignore[d] an important part of the language of Section 841(b)(1)(A). That section provides that where a special parole term is mandated by a sentence of imprisonment, it is to be imposed '*in addition to* such term of imprisonment.' Thus, as used in Section 841, special parole is not merely part of imprisonment, but is considered to be something *additional* to the imprisonment."

*Mearns, supra,* 461 F.Supp. at 643 [emphasis added].

The holding in *Jacobson* is simply erroneous, and I join Judge Stapleton in declining to follow it. I also decline to follow *United States v. Burman,* 584 F.2d 1354 (4th Cir. 1978). In that case, the Fourth Circuit held that the imposition of a special parole term is required when imprisonment is imposed under § 846, reasoning in essence that the "statutory scheme" requires that the penalties for conspiracy be identical to those for the substantive offense. But the "statutory scheme" indicates otherwise; in enacting 21 U.S.C. §§ 841, 845 and 846, it is clear that Congress has used the terms "fine", "imprisonment", and "special parole" to describe three distinct penalties, and that § 846 provides for the imposition of only two of them. Since § 846 is a criminal statute, it must be strictly construed. It is impermissible to read into that statute a

penalty for which it makes no provision and to which it does not refer, particularly since the legislative history reveals that Congress did not mean to authorize imposition of that penalty.

For all of the above reasons I hold that I am without power to impose a term of special parole under 21 U.S.C. § 846. Therefore, I will vacate Dominic Jacquinto's plea of *nolo contendere* and Raymond Trainor's plea of guilty.

fact Congress had meant to include special parole as a penalty under § 846, it is odd that the authors of the House Report would have taken such care to describe *all* the penalties available under §§ 841 and 845, but would have omitted one from their discussion of § 846. The only reasonable conclusion which can be drawn from the legislative history and from the express references to special parole in §§ 841

and 845 and the absence of *any* reference to special parole in § 846 is that Congress did *not* intend to authorize the imposition of special parole under § 846.

5. *Cf. United States v. Dankert,* 507 F.2d 190 (5th Cir. 1975) (per curiam) (Similar misreading of 21 U.S.C. § 963).