UNITED STATES of America, Plaintiff,

v.

Harry WELLS, Defendant.

Crim. No. 78–161.

United States District Court,
S. D. Iowa.

May 8, 1979.

Roxanne Barton Conlin, U. S. Atty., and Amanda M. Dorr, Asst. U. S. Atty., Des Moines, Iowa, for plaintiff.

Robert L. Fanter of Whitfield, Musgrave, Selvy, Kelly & Eddy, Des Moines, Iowa, for defendant.

MEMORANDUM

HANSON, Senior District Judge.

Thirty-two defendants were implicated in two separate conspiracies to distribute heroin, a Schedule I controlled substance under 21 U.S.C. § 812. As a result of plea bargaining agreements entered into with the Government, twelve defendants pled guilty to a United States Attorney's Information charging each with being an accessory after the fact in violation of 18 U.S.C. § 3 to the substantive offense of conspiracy to distribute heroin. 21 U.S.C. §§ 841, 846. Thereafter, this Court sentenced each of the twelve defendants to a special parole term in addition to a term of imprisonment under Section 841(a)(1). At the respective sentencing proceedings, the Court articulated doubts about its authority to impose a special parole term. The parties could not then provide authority on the issue. In order to insure no prejudice to any defendant, the Court, as it had previously at the Rule 11 proceedings, treated the special parole term as mandatory in accordance with Section 841(b)(1), but invited Rule 35 motions from counsel in order to clarify the matter.

This case pends on defendant Harry Wells' Rule 35 motion to correct or reduce his sentence by removing the requirement of a special parole term, or in the alternative, to reduce the term to a period of one and one-half years. Differently captioned motions requesting various forms of relief have also been filed by defendants Michael Edward Fuehrer, Vonceel Woods, Ray Edmond Moore, Michael J. Johnson, Danny Clay Ratliff, David Collins, and David Lee Williams. These motions are in substance Rule 35 motions and variously seek reduction and/or elimination of the special parole term. Although defendants Gary Robinson, Richard Anthony Evans, Vicky Lyon, and Ring Scott Wolfe have failed to file similar motions, the Court will *sua sponte* review the special parole term sentences of these defendants as well as those imparted to the defendants who have filed Rule 35 motions.

The Government has not resisted the motions in the belief that the sentence of imprisonment in each case is adequate and appropriate without the imposition of a special parole term.

18 U.S.C. § 3 provides:

Whoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact.

Except as otherwise expressly provided by any Act of Congress, an accessory after the fact shall be imprisoned not more than one-half the maximum term of imprisonment or fined not more than one-half the maximum fine prescribed for the punishment of the principal, or both; or if the principal is punishable by death, the accessory shall be imprisoned not more than ten years.

21 U.S.C. § 846 provides that

Any person who attempts or conspires to commit any offense defined in this subchapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

Defendants were charged as accessories to a conspiracy to distribute heroin in violation of 21 U.S.C. § 841. Section 841 is an offense defined in section 846. In its pertinent parts, section 841 provides:

(a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

(1) to . . . distribute . . . a controlled substance; . . .

. . . . .

*Penalties*

(b) Except as otherwise provided in section 845 of this title, any person who violates subsection (a) of this section shall be sentenced as follows:

(1)(A) In the case of a controlled substance in schedule I or II which is a narcotic drug, such person shall be sentenced to a term of imprisonment of not more than 15 years, a fine of not more than $25,000, or both. If any person commits such a violation after one or more prior convictions of him for an offense punishable under this paragraph, or for a felony under any other provision of this subchapter or subchapter II of this chapter or other law of the United States relating to narcotic drugs, marihuana, or depressant or stimulant substances, have become final, such person shall be sentenced to a term of imprisonment of not more than 30 years, a fine of not more than $50,000, or both. *Any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a special parole term of at least 3 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a special parole term of at least 6 years in addition to such term of imprisonment.* (Emphasis added.)

The defendants' motions have not disclosed any case involving the issue of whether the imposition of a special parole term in addition to a term of imprisonment for accessories to a conspiracy to distribute heroin is mandated by the sentencing scheme in 18 U.S.C. § 3; 21 U.S.C. §§ 841, 846. Nor has the Court, in its own search, been able to discover applicable caselaw. There is, however, a limited body of caselaw concerning the analogous issue of whether the imposition of a special parole term in addition to a term of imprisonment is required for conspiracy to violate Section 841.

Two recent court of appeals decisions— *United States v. Burman*, 584 F.2d 1354 (4th Cir. 1978) and *United States v. Jacobson*, 578 F.2d 863 (10th Cir. 1978)—have held it is not improper to impose the special parole term provisions of section 841 in addition to a term of imprisonment for conspiracy under section 846. These courts have found that the special parole term was implied or incorporated in a conspiracy charge relating to section 841:

We think that a special parole term for violation of § 846 was properly included in Burman's sentence. The conspiracy statute, § 846, is punishable by a sentence

which must be set by reference to the penalties of the substantive offense statute. A special parole term is automatically made part of the sentence prescribed by the substantive offense statute, § 841(b), anytime imprisonment is included in the sentence. We think that under this statutory scheme such a special parole term is required as a penalty under § 846 when a sentence of imprisonment is imposed because the substantive offense statute, § 841(b), would so require it and the terms "imprisonment or fine or both" only have meaning by reference to the sentences imposed under substantive offense statutes.

*United States v. Burman,* 584 F.2d at 1358; *see United States v. Jacobson,* 578 F.2d at 868. The *Burman* court's rationale, however was based in part on a consideration of the relationship between sections 841 and 846 as part of a "statutory scheme to prevent renewed narcotics dealings by past drug offenders following their release from prison . . . ." *United States v. Burman,* 584 F.2d at 1357. In contrast, 18 U.S.C. § 3 is a statute of general application and serves no such discrete purpose. Indeed, accessories are likely not to be "drug offenders" in the real sense of the word, since an accessory's crime consists of comfort and assistance to the primary criminal. *Burman* was additionally influenced by the practical consequences of eliminating the special parole term as a penalty for conspiracy to distribute heroin:

> [T]his would produce the absurd result of subjecting large scale heroin distributors to less punishment than the small scale offender who may be convicted of a single narcotics transaction when the terms of the statute require all conspiracies to be punished by direct reference to the substantive offense statute.

*Id.* at 1357–58. But there is no such result in the elimination of a special parole term as a penalty for being an accessory because that crime is a lesser offense than conspiracy or the underlying substantive offense.

At least three district courts have parted company with the Fourth and Tenth Circuits. In *United States v. Jacquinto,* 464 F.Supp. 728 (E.D.Pa.1979); *United States v.*

*Mearns,* 461 F.Supp. 641 (D.Del.1978); and *Fassette v. United States,* 444 F.Supp. 1245 (C.D.Cal.1978), the courts held that the imposition of section 841's provision for a term of imprisonment for conspiracy constitutes an illegal sentence:

> [A]s used in Section 841, special parole is not merely part of imprisonment, but is considered to be something additional to the imprisonment. . . . As the court said in *Fassette v. United States,* 444 F.Supp. 1245, 1247 (C.D.Cal.1978):
>
> If Congress had intended and had desired to have the permissible punishment for the conspiracy offense of § 846 identical with that permitted for the substantive offense of § 841, it could easily and clearly have said so. Instead, Congress used language in § 846 which separately defines the permissible punishment for violations of that section and uses different language in defining it.

*United States v. Mearns,* 461 F.Supp. at 643; *see United States v. Jacquinto,* 464 F.Supp. at 729; *Fassette v. United States,* 444 F.Supp. at 1246–47.

Although this Court has no occasion to rule on the imposition of a special parole term under section 841 as it relates to a charge of conspiracy, the Court finds the *Mearns* court's conclusion that a special parole term is not "imprisonment" to be persuasive and dispositive in the context of conviction as an *accessory* to a conspiracy to violate section 841. This determination is consistent with section 841(c), which suggests that "imprisonment" was not meant to include the special parole term since only on a violation of the special parole term is the special parole term converted into a "new term of imprisonment."

> (c) A special parole term imposed under this section or section 845 of this title may be revoked if its terms and conditions are violated. In such circumstances the original term of imprisonment shall be increased by the period of the special parole term and the resulting new term of imprisonment shall not be diminished by the time which was spent on special parole. A person whose special parole term has been revoked may be required to serve all or part of the remainder of

the new term of imprisonment. A special parole term provided for in this section or section 845 of this title shall be in addition to, and not in lieu of, any other parole provided for by law.

*See Timmreck v. United States,* 577 F.2d 372, 373 & n. 1 (6th Cir. 1978).

Therefore, in view of the fact that the second paragraph of 18 U.S.C. § 3 authorizes a sentence of only one half the "maximum term of imprisonment" or "maximum fine," the Court was without authority to impose a special parole term, which is neither imprisonment nor fine. The Court will not imply such authority against the plain wording of the statute. Authority to restrain an in individual's liberty demands a more express declaration from Congress, especially where the restraint, if applicable, is mandatory.

Orders accordingly.