Appellant raises other contentions on appeal, all of which are without merit.[8] Accordingly the judgment of the district court will be affirmed. Costs taxed against appellant.

**UNITED STATES of America,
Appellant,**

v.

**Andrew Kirkpatrick MEARNS, III, Peter John Thomas, John William Hedley, Appellees.**

**Nos. 79–1044 to 79–1046.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule
12(6) May 3, 1979.

Decided June 15, 1979.

---

8. Appellant contends that the district court erred in several evidentiary matters, and that

the trial judge engaged in conduct prejudicial to her case.

James W. Garvin, Jr., U. S. Atty., John H. McDonald, Asst. U. S. Atty., District of Delaware, Wilmington, Del., for appellant.

Andrew Kirkpatrick Mearns, III, Peter John Thomas, John William Hedley, pro se.

Before ADAMS, GIBBONS and WEIS, Circuit Judges.

## OPINION OF THE COURT

WEIS, Circuit Judge.

The Comprehensive Drug Abuse Prevention and Control Act of 1970 provides for the imposition of a special parole period in addition to imprisonment for substantive violations of the Act. The conspiracy section, however, lists only fine and imprisonment as punishment, and the district court concluded that it was not permitted to impose a special parole term for that violation. We agree and affirm.

Defendants were indicted on two counts of distribution and one count of possession of cocaine with intent to distribute, violations of 21 U.S.C. § 841(a). In addition, they were charged with conspiracy to possess and distribute cocaine, proscribed by 21 U.S.C. § 846. As the result of an agreement with the government, defendants pleaded guilty to the conspiracy count, and the other charges were dismissed. Each then received a sentence of six months incarceration, followed by a special parole term of three years. After defendant Mearns completed his prison term, he moved to correct his sentence under Fed.R. Crim.P. 35, alleging that the statute did not sanction the imposition of the special parole term on a conspiracy conviction. The district court concurred and deleted the parole requirement. *United States v. Mearns,* 461 F.Supp. 641 (D.Del.1978). A few days later, defendants Thomas and Hedley moved for, and were granted, the same relief. The government then took this appeal.

Sections 841 and 846 are part of the Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub.L. No. 91–513, 84 Stat. 1236, which revamped the federal drug laws. An aim of this statutory revision was to provide "an overall balanced scheme of criminal penalties for offenses involving drugs." H.R.Rep. No. 1444, 91st Cong., 2d Sess. 1, *reprinted in* [1970] U.S. Code Cong. & Admin.News, pp. 4566, 4567. Thus, the language chosen by Congress for each penalty provision reflects a fully considered judgment and should be read carefully.

Turning then to the statutory language, 21 U.S.C. § 846 in pertinent part provides:

"Any person who . . . conspires to commit any offense defined in this subchapter is punishable by imprisonment or fine or both which may not exceed the

maximum punishment prescribed for the offense, the commission of which was the object of the . . . conspiracy."

The punishment provided for the offenses of distributing and possession with intent to distribute cocaine is found in 21 U.S.C. § 841(b)(1)(A) and consists of imprisonment for not more than 15 years, a maximum fine of $25,000, or both. In addition, this subsection continues:

"Any sentence imposing a term of imprisonment under this paragraph shall . . . impose a special parole term of at least 3 years in addition to such term of imprisonment . . . ."

We note first that § 846 does not mention parole, but refers only to punishment by fine, imprisonment, or both. The maximum limitations are determined by reference to the earlier sections pertaining to the substantive offenses. The substantive section applicable here, § 841, prescribes not only imprisonment, fine or both but when imprisonment is imposed, it mandates an additional special parole term. Thus, while the conspiracy section provides for two forms of punishment, fine and imprisonment, the substantive section provides for three: fine, imprisonment, and special parole.

■ The government argues that "parole" is included within the meaning of "imprisonment," but this contention is not persuasive. Parole is a term of supervision served outside a penal institution and is distinct from imprisonment. Moreover, the penalty provisions of the substantive offense sections state that the special parole is to be imposed "in addition to" such term of imprisonment. The statutory language simply cannot be reconciled with the government's position. For this reason we decline to follow the holding in *United*

*States v. Jacobson,* 578 F.2d 863 (10th Cir.), *cert. denied,* 439 U.S. 932, 99 S.Ct. 324, 58 L.Ed.2d 327 (1978), which adopted the government's argument. Nor can we accept the position taken by the Court of Appeals for the Fourth Circuit in *United States v. Burman,* 584 F.2d 1354 (4th Cir. 1978), that because sentences under § 846 are determined by reference to the substantive offense provisions, a special parole term is permissible. That rationale fails to recognize that by its express terms § 846 includes only fine and imprisonment. Similarly, *United States v. Dankert,* 507 F.2d 190 (5th Cir. 1975) (per curiam), must also be rejected.[1]

We are persuaded by the analysis of the district courts in *Fassette v. United States,* 444 F.Supp. 1245 (C.D.Cal.1978), and *United States v. Jacquinto,* 464 F.Supp. 728 (E.D. Pa.1979), as well as Judge Stapleton's well-reasoned opinion in this case, holding that special parole does not apply to § 846. If Congress had intended to provide a special parole term for a violation of that section, it could easily have done so. Indeed, the legislative history discusses a parole provision for various substantive offenses but significantly omits that term in describing the punishment applicable to § 846. *See* H.R.Rep. No. 1444, 91st Cong., 2d Sess. 46–51, *reprinted in* [1970] U.S.Code Cong. & Admin.News, pp. 4614–18.

■ In the criminal context, it has long been the policy of the courts that a defendant should not "be subjected to a penalty unless the words of the statute plainly impose it." *United States v. Campos-Serrano,* 404 U.S. 293, 297, 92 S.Ct. 471, 474, 30 L.Ed.2d 457 (1971), *quoting Keppel v. Tiffin Savings Bank,* 197 U.S. 356, 362, 25 S.Ct. 443, 49 L.Ed. 790 (1905). *See also United*

---

1. In *United States v. Timmreck,* ⸺ U.S. ⸺, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979), *rev'g,* 577 F.2d 372 (6th Cir. 1978), the Supreme Court articulated the standards to be applied in 28 U.S.C. § 2255 cases where a violation of Fed.R. Crim.P. 11 is alleged. In that case, the purported Rule 11 violation was the trial court's failure to advise the defendant of the special parole term accompanying his imprisonment for pleading guilty to a § 846 conspiracy count.

Neither the Supreme Court nor the court of appeals, however, considered whether special parole was required in sentences for conspiracy convictions. Indeed, the Supreme Court limited its grant of certiorari to the Rule 11 issue. ⸺ U.S. ⸺, 99 S.Ct. 830, 59 L.Ed.2d 30 (1978). Consequently, we do not consider that case as authority for the proper interpretation of § 846.

*States v. Gomez,* 593 F.2d 210, 214 (3d Cir. 1979) (en banc). The words of § 846 plainly do not impose a special parole term, however desirable such a penalty may seem. If such a change would be salutary, it is for Congress, not this court, to effect it.

Accordingly, we conclude that the district court properly determined that special parole could not be imposed for a conviction under § 846 and, therefore, we affirm the judgment of the district court.