UNITED STATES of America,
Plaintiff-Appellee,

v.

Bernard ULANO, Defendant-Appellant.

No. 79–1495.

United States Court of Appeals,
Ninth Circuit.

March 10, 1980.

Richard G. Sherman, Los Angeles, Cal., on brief, for plaintiff-appellee.

Thomas D. Farrell, Mark H. Bonner, Asst. U. S. Attys., Los Angeles, Cal., on brief, for defendant-appellant.

Before CHAMBERS and TRASK, Circuit Judges, and KING,* District Judge.

* The Honorable Samuel P. King, United States District Judge for the District of Hawaii, sitting by designation.

**PER CURIAM:**

Ulano was convicted in 1977, on his guilty plea, of conspiracy to distribute cocaine (21 U.S.C. § 846) and sentenced to four years custody followed by a special parole term. Before he was sentenced, he moved to withdraw the guilty plea on the ground that it was not voluntarily and knowingly made. His appeal, *United States v. Ulano*, 9 Cir., 571 F.2d 589, resulted in a remand to permit vacation of the sentence and consideration of the motion to withdraw the guilty plea. As the appeal had included an attack on the district judge who had taken the guilty plea, the matter was assigned to a district judge from outside the circuit.[1] The sentence was vacated and an extensive evidentiary hearing was held, after which the new district judge ruled that the motion to vacate the guilty plea should be denied. He then resentenced Ulano to eight years custody and a special parole term of three years.

 Ulano again appeals, asserting that the guilty plea should have been set aside on the ground that it was not voluntarily and knowingly made and that he was denied effective assistance of counsel. We have reviewed the record and conclude these arguments are without merit for the reasons expressed by the district judge. *United States v. Ulano*, 468 F.Supp. 1054 (C.D.Cal.1979). Similarly, his attack on the enhancement of his sentence is without merit. On the facts of this case there was no violation of *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2089, 23 L.Ed.2d 656 (1969). The district judge left us a clear record of the reasons for imposing this sentence and that record is more than sufficient to justify his actions.[2]

 Ulano now argues that in 1977 when he originally made his guilty plea, the consequences of the special parole term were not explained to him sufficiently. No claim is made, nor could one be made, that he did not know that a special parole term would be imposed. He says merely that he was not told in sufficient detail what the consequences of one would be. But he did not complain of this to the district court after he was sentenced. And he never mentioned it when he appealed here. Then, he never mentioned it when he was provided a hearing on remand. He has waited until now to assert that he really did not understand what the special parole term was all about. We are hardly impressed by this belated claim that the court's explanation was insufficient under Rule 11, F.R.Cr.P. Having waived the argument on these several occasions, we will not hear him now assert that he has been prejudiced. See *United States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979).

 He also now argues, for the first time, that no special parole term may be imposed for conspiracy under 21 U.S.C. § 846, citing *United States v. Mearns*, 599 F.2d 1296 (3rd Cir. 1979) and *Fassette v. United States*, 444 F.Supp. 1245 (C.D.Cal. 1978). The great weight of authority rejects the *Mearns* and *Fassette* approach. The Second, Fourth, Fifth, Eighth and Tenth Circuits have held that the special parole term does apply to Section 846: *Bifulco v. United States*, 600 F.2d 407 (2nd Cir. 1979), *United States v. Burman*, 584 F.2d 1354 (4th Cir. 1978), *Cantu v. United States*, 598 F.2d 471 (5th Cir. 1979), *United States v. Sellers*, 603 F.2d 53 (8th Cir. 1979), *United States v. Jacobson*, 578 F.2d 863 (10th Cir. 1978).

---

1. Judge Leo Brewster of the Northern District of Texas was designated to serve in the Central District of California at the time in question. He was assigned to hear the matter on remand. He had concluded all matters related to this case when he died, on November 26, 1979.

2. The record shows that Judge Brewster had reviewed the probation officer's report and that it had been made available to Ulano, and his attorney for their review and comment. It also shows that while Ulano was on bail related to the conviction and appeal in this case he had been arrested by California authorities for illegal transportation of cocaine and had been convicted of that offense. Judge Brewster noted that he had had an opportunity during the hearing to study Ulano's demeanor and that, in his view, Ulano was "involved in this thing up to your neck, and in the dope traffic, and it is going to be a miracle if you ever reform."

The Supreme Court has granted certiorari in *Bifulco*, —— U.S. ——, 100 S.Ct. 205, 62 L.Ed.2d 133 (1979), and the disagreement between the circuits will soon be resolved.

Ulano was convicted in 1977 of acts taken by him in mid-1976. The custody portion of his sentence cannot successfully be attacked. If the special parole term is invalid, we shall know it when the Supreme Court speaks in *Bifulco*.

We affirm. The mandate will issue forthwith and bail is revoked as of now. A motion to recall the mandate and grant a rehearing may be made to this Court within 35 days after the Supreme Court's decision in *Bifulco*.

A judge of the Central District is requested to forthwith issue a bench warrant to the Marshal to bring the defendant-appellant into court to be transferred to the custody of the Attorney General to commence serving his sentence.