**UNITED STATES of America, Plaintiff,**

**v.**

**Robert PATTERSON and Randy Glenn Keeler, Defendants.**

**Crim. No. 80-1.**

United States District Court,
N. D. Iowa,
Cedar Rapids Division.

Nov. 7, 1980.

Judith A. Whetstine, Asst. U. S. Atty., Cedar Rapids, Iowa, for United States.

Steven S. Katz, David Cohen, Liberty, N. Y., for Keeler.

Keith E. Uhl, Des Moines, Iowa, for Patterson.

## ORDER

.McMANUS, Chief Judge.

This matter is before the court on Robert Patterson's request for correction and reduction of sentence filed October 14, 1980

**824**

and Randy Keeler's *pro se* motion for reduction of sentence filed October 24, 1980. Both matters are brought pursuant to Rule 35, FRCrP. Neither motion has been resisted.

Patterson pled guilty to the charge of accessory after the fact (18 U.S.C. § 3) to the substantive crime of violating federal drug laws (21 U.S.C. § 841). He was convicted and sentenced to a two year term of imprisonment, and to a special parole term of two years, on September 26, 1980.

Keeler pled guilty to the charge of conspiracy to violate federal drug laws (21 U.S.C. § 846). He was convicted and sentenced to an indeterminate term of treatment and supervision under the Federal Youth Corrections Act, on June 25, 1980.

After a careful review of the record, the court is of the view that Keeler's motion should be denied. Patterson's request for *reduction* of sentence is also without merit and is likewise denied.

Patterson's request for *correction* of sentence asserts that this court was without authority to impose a special parole term along with the term of imprisonment. The court agrees and, therefore, grants his request.

The authority to impose a special parole term is contained in 21 U.S.C. § 841(b)(1)(A), which sets out the penalties for the substantive crime of manufacturing, distributing, or dispensing, or possessing with intent to manufacture, distribute, or dispense, a controlled substance. However, Patterson was not convicted for violating this crime, but for violating 18 U.S.C. § 3, accessory after the fact. The penalties provided for violating this statute are limited to imprisonment or fine, or both. No provision is made in this statute for the imposition of a special parole term.

The United States District Court for the Southern District of Iowa has recently held, in a case factually similar to the one here, that a special parole term could not be imposed as part of the penalty for violating 18 U.S.C. § 3. *United States v. Wells*, 470 F.Supp. 216 (S.D.Iowa 1979). The court is of the view that the *Wells* decision should be followed here.

The *Wells* decision is particularly persuasive because the United States Supreme Court has recently applied virtually the same analysis in ruling that a special parole term could not be imposed as part of the penalty for violating the federal drug conspiracy statute (21 U.S.C. § 846). *Bifulco v. United States*, —— U.S. ——, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980).

Although *Bifulco* addressed only the validity of imposing a special parole term under 21 U.S.C. § 846, it reached the same result as that reached in *Wells*. In both cases, the courts looked to the express statutory language (18 U.S.C. § 3 and 21 U.S.C. § 846) and, finding no express authority for the imposition of a special parole term, ruled that the imposition of this penalty is illegal.

It is therefore

ORDERED

1. Both defendant Keeler's and Patterson's motions to reduce sentence are denied.

2. Defendant Patterson's motion to correct sentence is granted. Defendant's judgment and commitment order filed September 26, 1980 is amended by deleting the sentence "It is the further order of this court that the defendant serve a special parole term of two (2) years on completion of his term of imprisonment."