**UNITED STATES of America,**

v.

**Efrain FIGUEROA, Defendant.**

No. SS 84 Cr. 819 (KC).

United States District Court,
S.D. New York.

May 26, 1988.

Cathy Seibel, Asst. U.S. Atty., Rudolph W. Giuliani, U.S. Atty., S.D.N.Y., New York City, for U.S.

Leonard Joy, Federal Defenders Unit, New York City, for defendant.

MEMORANDUM OPINION

CONBOY, District Judge:

The late Honorable Edward Weinfeld, U.S.D.J., sentenced the defendant, following a plea of guilty to violation of 21 U.S.C. sections 812, 841(a)(1), 841(b)(1)(A) (1982), to four years imprisonment, and, pursuant to 21 U.S.C. section 841, a special parole term of three years, to commence on the expiration of defendant's confinement. Defendant now moves, under 28 U.S.C. section 2255 (1982),[1] for correction of an illegal sentence. *See, e.g., Dioguardi v. United States,* 587 F.2d 572, 573 (2d Cir.1978). The basis for Figueroa's motion is "that the imposition of a special parole term is *no longer* part of the punishment pursuant to the amended provisions of Title 21, U.S.C. Section 841[.]" Letter from Efrain Figueroa to Honorable Edward Weinfeld, U.S.D.J. (Oct. 9, 1987) (emphasis added).

As defendant's letter itself recognizes implicitly, at the time he committed the offense he stands convicted of,[2] section 841(b)(1)(A) of Title 21, United States Code, specifically provided that "[a]ny sentence imposing a term of imprisonment under this paragraph shall ... impose a special parole term of at least 3 years in addition to such term of imprisonment." 21 U.S.C. § 841(b)(1)(A) (1982), *amended by* Comprehensive Crime Control Act, Pub.L. No. 98–473, § 224(a)(1), 98 Stat. 2030. While at

---

1. Defendant indicated in his motion that he wished to proceed under Federal Rule of Criminal Procedure 35 as well. *See* Letter from Efrain Figueroa to Hon. Edward Weinfeld, U.S.D.J. (Oct. 9, 1987). Although the defendant once had such a right, he failed to exercise it timely, waiting over two years from sentencing to move. *See id.* The rule required that a defendant move within one hundred twenty days after sentence is imposed. *See* 18 U.S.C.A. Fed.R.Crim.P. 35 rule applicable to offenses committed prior to Nov. 1, 1987 (West Supp. 1988).

2. *Urena v. United States of America,* No. 87 Civ. 2327, slip op. (S.D.N.Y. July 21, 1987) [available on WESTLAW, 1987 WL 14917], a case defendant relies on, is dissimilar, and therefore not controlling, because in that case the new subsection of 21 U.S.C. section 841 had already taken effect at the time the offense was committed. *See id.,* slip op. at 9. Further, the point defendant relies on was vacated by the court on reconsideration. *See Urena v. United States of America,* No. 87 Civ. 2327, slip op. at 3 (S.D.N.Y. Sept. 4, 1987) [available on WESTLAW, 1987 WL 47370].

common law the amending of a criminal statute, including re-enactment with different penalties, whether heightened or reduced, "abated all prosecutions which had not reached final disposition in the highest court authorized to review them," *Bradley v. United States,* 410 U.S. 605, 607–08, 93 S.Ct. 1151, 1154, 35 L.Ed.2d 528 (1973), such is usually not the case under federal statutes. Legislation may contain a specific "saving clause" "stating that prosecutions of offenses under the repealed statute [a]re not to be abated." *See id.* at 608–10, 93 S.Ct. at 1154–55. Even in the absence of a specific clause, the statute may be saved by a general saving clause enacted by Congress. That statute provides, in relevant part:

> The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability....

1 U.S.C. § 109 (1982). "[T]he words 'penalty,' 'forfeiture,' and 'liability' apply to criminal offenses *and the punishment therefor." United States v. Bradley,* 455 F.2d 1181, 1190 (1st Cir.1972) (emphasis in original), *aff'd,* 410 U.S. 605, 93 S.Ct. 1151, 35 L.Ed.2d 528 (1973); *see United States v. Reisinger,* 128 U.S. 398, 402–03, 9 S.Ct. 99, 100–01, 32 L.Ed. 480 (1888). "Thus, unless the repealing statute explicitly provides otherwise, the repeal of a criminal statute neither abates the underlying offense nor affects its attendant penalties with respect to acts committed prior to repeal." *Bradley,* 455 F.2d at 1190. The special parole term is a form of punishment. *Cf. Warden, Lewisburg Penitentiary v. Marrero,* 417 U.S. 653, 663–64, 94 S.Ct. 2532, 2538, 41 L.Ed.2d 383 (1974) (statute prohibiting parole eligibility was enacted by Congress "as a punitive measure"); *Sullivan v. Day,* 372 F.Supp. 359, 360 (E.D.Ky.1974) (statute prohibiting parole eligibility deprives defendants "of gaining some form of liberty, albeit strained, during the period of their sentence," and thus constitutes a penalty or punishment).

Section 235(b)(1) of the Comprehensive Crime Control Act of 1984 states, in relevant part:

> The following provisions of law in effect on the day before the effective date of this Act shall remain in effect for five years after the effective date as to an individual convicted of an offense ...:
>
> ....
>
> (F) The maximum term of imprisonment in effect on the effective date for an offense committed before the effective date.

Pub.L. No. 98–473, § 235(b)(1)(F), 98 Stat. 2032. Assuming that "imprisonment" as used here does not include a special parole term, *see United States v. Mearns,* 599 F.2d 1296, 1298 (3d Cir.1979) ("Parole is a term of supervision served outside a penal institution and is distinct from imprisonment."), *cert. denied,* 447 U.S. 934, 100 S.Ct. 3037, 65 L.Ed.2d 1129 (1980), nevertheless the thrust of this section is to retain penalties for offenses committed prior to the effective date. This is consistent with, rather than "expressly" or "explicitly" contrary to, the policy of the general saving clause to retain as punishment for offenses all forms of penalties that were lawful at the time the offense was committed.

The court concludes that the special parole term of 21 U.S.C. section 841(b)(1)(A) is saved by 1 U.S.C. section 109. *Cf. Marrero,* 417 U.S. at 654–55, 659–64, 94 S.Ct. at 2536–39 (prohibition on parole eligibility contained in repealed statute saved by 1 U.S.C. section 109). Thus, defendant's sentence is not illegal.

## CONCLUSION

Defendant's motion to correct his sentence is denied.