**UNITED STATES of America**

v.

**Bahri DRISHTI, et al., Defendants.**

**No. SS 84 Cr. 499–4 (VLB).**

United States District Court,
S.D. New York.

Nov. 9, 1993.

Bahri Drishti, pro se.

Seth C. Farber, Asst. U.S. Atty., New York City, for U.S.

VINCENT L. BRODERICK, District Judge.

The above defendant has moved for relief from his sentence under former Rule 35(a) of the Federal Rules of Criminal Procedure on the ground that at the time of sentencing, the special parole term of fifteen years I imposed was unauthorized. I deny the motion.

At the time of the defendant's offense, distributing one kilogram of heroin on or about January 4, 1981 in violation of 21 U.S.C. §§ 812 and 841, the special parole

term was authorized by 18 U.S.C. § 841(b)(1)(A). This provision was no longer in effect at the time of sentencing. 98 Stat. 2030 (1984). But the repealed statute remained "in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability." 1 U.S.C. § 109.

Section 109 was held applicable to the issue presented by the present motion in *United States v. Figueroa,* 686 F.Supp. 459 (S.D.N.Y.1988). This result was intended by Congress. See *Walberg v. United States,* 763 F.2d 143, 148 (2d Cir.1985), quoting S.Rep. 225, 98th Cong., 1st Sess. 189, reprinted in 1984 U.S.Code Cong. & Admin.News 3182, 3372, as follows:

> As to an offense committed prior to the effective date [of the 1984 repeal], the preexisting law will apply as to all substantive matters including the imposable sentence.

Were any other approach taken, the result would be a one-way ratchet in sentencing even where not intended by Congress and inappropriate to the factual situation involved in a particular case. Enhancements of criminal penalties by enactments after a crime is committed are, of course, prohibited as ex post factor laws. Yet any subsequent reductions in penalties for later-committed offenses would redound to the benefit of the earlier violator. Thus, if Congress shifts the sanction structure from one aspect to another, the very fact of change would operate to the benefit of earlier violators. They would only be liable to penalties which were available at the time of the offense, at the time of sentencing, and at the time when the motion for relief from that sentence is filed.

SO ORDERED.