UNITED STATES of America,
Plaintiff-Appellee,

v.

Miguel DE LA FUENTE,
Defendant-Appellant.

No. 76–3747
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 8, 1977.

Miguel De La Fuente, pro se.

John Clark, U. S. Atty., LeRoy Morgan Jahn, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before AINSWORTH, MORGAN and GEE, Circuit Judges.

PER CURIAM:

Appellant De La Fuente appeals from the denial of his motion to correct an illegal sentence, filed under Rule 35, Fed.R.Crim.P. Pursuant to a two-count indictment, he was convicted of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846, and of possession with intent to distribute, and distribution of, cocaine, in violation of 21 U.S.C. § 841(a)(1). His conviction was af-

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

firmed by this court. On each count, De La Fuente was sentenced to imprisonment for fifteen years plus a special parole term of fifteen years, the sentences to run concurrently. He raises two issues on appeal.

First, appellant claims that he is being penalized for electing to go to trial on the charges and that he thus has been denied equal protection of the law because two others, with whom he was indicted and who pled guilty, received lesser sentences, while appellant received the maximum sentence. Second, he alleges that the trial court abused its discretion when it denied him first-offender treatment, under 18 U.S.C. § 4208(a)(2). Each of these contentions is without merit.

The rule is well established that "[a] sentencing court exercises broad discretion which is not subject to appellate review 'except when arbitrary or capricious action amounting to a gross abuse of discretion is involved.'" *United States v. Bernstein*, 5 Cir., 1977, 546 F.2d 109, *quoting United States v. Gamboa*, 5 Cir., 1976, 543 F.2d 545, 546; *see Dorszynski v. United States*, 418 U.S. 424, 431, 443, 94 S.Ct. 3042, 3047, 3052, 41 L.Ed.2d 855 (1974). Here, appellant's sentence fell within the statutory maximum, and there is nothing in the record to indicate that De La Fuente was arbitrarily penalized for exercising his right to stand trial. The trial judge was obviously aware of the section 4208(a)(2) alternative, and he heard De La Fuente and De La Fuente's counsel recite those factors which they apparently believed spoke in favor of parole. This case presents no gross abuse of discretion so as to warrant modification of the sentence by this court.

AFFIRMED.