Alphonse BIFULCO, Petitioner-Appellant,

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 954, Docket 79-2024.**

United States Court of Appeals, Second Circuit.

Submitted April 30, 1979.

Decided May 30, 1979.

Robert E. Winkle, Danbury, Conn., on brief, for petitioner, appellant.

Edward R. Korman, U. S. Atty., Eastern Dist. of New York, Harvey M. Stone, Rodney G. Smith, Asst. U. S. Attys., Eastern District of New York, Brooklyn, N. Y., for respondent, appellee.

Before GURFEIN and MESKILL, Circuit Judges, and WYZANSKI, District Judge.*

PER CURIAM:

This is an appeal *pro se* from an order of the United States District Court for the Eastern District of New York, Mark A Costantino, *Judge*, denying appellant Al phonse Bifulco's motion for relief pursuar to 28 U.S.C. § 2255. We regard appellant two claims on appeal as meritless and w affirm the order entered below.

Appellant was indicted on three drug-r lated counts, one count charging him unc 21 U.S.C. § 846 with conspiracy to manufture, distribute, and possess with intento distribute substantial quantities of pheny-clidine, a Schedule III controlled substaie, in violation of 21 U.S.C. § 841(a)(1), andhe other two counts charging him with absantive violations of § 841(a)(1). Aftr a jury trial, appellant was convicted onthe conspiracy charge and acquitted on thesubstantive charges. On June 3, 1977, he was sentenced to four years' imprisonment, a special parole term of five year and a $1,000 fine. This Court affirmed hi conviction without opinion on December 5, 1977. Subsequently appellant, *pro se*, moved to vacate his sentence under 28 U.S.C § 2255. The motion was denied by the district court and this appeal followed.

Appellant presents two claims for our consideration. The gist of the first argument is that the trial court lacked subject matter jurisdiction over his trial and conviction on the conspiracy count, in the absence of evidence proving a substantive offense as the object of the conspiracy, on

Alphonse Bifulco, pro se.

* Hon. Charles E. Wyzanski, Jr., United States District Judge for the District of Massachusetts, sitting by designation.

the theory that no offense against the United States had been proven. As this argument attacks the jurisdiction of the trial court, we will overlook appellant's failure to raise this objection in the § 2255 motion presented to the district court. Reaching the merits, we must reject appellant's argument as utterly without foundation. Congress explicitly defined conspiracy under § 846, standing alone, as a federal crime. A defendant need not be charged with any other violation in order to be tried and convicted under § 846. *See, e.g., United States v. Lyles,* 593 F.2d 182 (2d Cir.), *cert. denied,* —— U.S. ——, 99 S.Ct. 1537, 59 L.Ed.2d 789 (1979). Moreover, a defendant charged with both a § 846 conspiracy and a substantive violation of § 841 may be lawfully convicted on the former and acquitted on the latter. *See, e. g., United States v. Lubrano,* 529 F.2d 633 (2d Cir. 1975), *cert. denied,* 429 U.S. 818, 97 S.Ct. 61, 50 L.Ed.2d 78 (1976). *See generally Callanan v. United States,* 364 U.S. 587, 81 S.Ct. 321, 5 L.Ed.2d 312 (1961) (noting distinctiveness of conspiracy to commit a particular offense and actual commission of that offense).

■ Appellant's second contention, which was raised below, is that the imposition on him of a special parole term, in addition to incarceration, is an impermissible expansion of the sentencing provisions of 21 U.S.C. § 846. We disagree.

Section 846 provides:

> Any person who attempts or conspires to commit any offense defined in this subchapter is punishable by *imprisonment or fine or both* which may not exceed the *maximum punishment* prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

(emphasis added). Appellant argues in his brief that the "maximum punishment" spelled out in § 846 refers to the maximum imprisonment or fine prescribed for violations of the substantive offenses covered by 21 U.S.C. § 841(b). He claims that the legislative history demonstrates a congressional intent to exclude the special parole mandated by 21 U.S.C. § 841(b). Therefore, he reasons, the addition of a period of special parole to his sentence of imprisonment and fine was an illegal sentence under 21 U.S.C. § 846. The only authority we have found that supports appellant's interpretation of the sentencing provisions of § 846 is *Fassette v. United States,* 444 F.Supp. 1245 (C.D.Cal.1978). The *Fassette* court interpreted § 846 as "not permitting all of the types and kinds of punishment prescribed for the substantive offense but permitting only fine and imprisonment which shall not exceed the maximum fine and imprisonment prescribed for the substantive offense." *Id.* at 1247 (footnote omitted). The court's expressed hope that the Ninth Circuit would rule on the issue, *id.* at 1248, has gone unfulfilled.

The weight of authority is to the contrary. In *United States v. Armedo-Sarmiento,* 545 F.2d 785, 794–95 (2d Cir. 1976), *cert. denied,* 430 U.S. 917, 97 S.Ct. 1330, 51 L.Ed.2d 595 (1977), and *United States v. Wiley,* 519 F.2d 1348, 1351 (2d Cir. 1975), *cert. denied,* 423 U.S. 1058, 96 S.Ct. 793, 46 L.Ed.2d 648 (1976), we gave our implicit approval to the type of sentencing challenged here without discussing or ruling on the claim raised by the appellant here. The Fifth Circuit in *United States v. De La Fuente,* 550 F.2d 309 (5th Cir. 1977), similarly gave its tacit approval to a sentence containing a special parole term for a violation of § 846 without considering the argument proffered here.

In addition, the two circuit courts that have directly addressed this issue have both rejected the reasoning adopted in *Fassette* and urged upon us here by appellant. In *United States v. Burman,* 584 F.2d 1354, 1358 (4th Cir. 1978), the court stated:

> We think that a special parole term for violation of § 846 was properly included in Burman's sentence. The conspiracy statute, § 846, is punishable by a sentence which must be set by reference to the penalties of the substantive offense statute. A special parole term is automatically made part of the sentence prescribed by the substantive offense statute, § 841(b), anytime imprisonment is included in the sentence. We think that

under this statutory scheme such a special parole term is required as a penalty under § 846 when a sentence of imprisonment is imposed because the substantive [offense] statute, § 841(b), would so require it and the terms "imprisonment or fine or both" only have meaning by reference to the sentences imposed under substantive offense statutes. Because we do not find Burman's special parole term of fifteen years to be excessive, we hold that the imposition of a special parole term of fifteen years by the district court for violation of § 846 was proper.

The Tenth Circuit relied on a similar analysis in rejecting the interpretation pressed here by the appellant:

From the wording in § 841(b)–(c), it would appear that Congress viewed the special parole term as being a part of the term of imprisonment to which it was appended. Paragraphs (1) to (3) of § 841(b) all make a special parole term mandatory whenever imprisonment is also imposed. Thus, a parole term may never be imposed without imprisonment; it must always accompany imprisonment. Section 841(c) provides, in addition, that violation of the special parole may result in an increase in the original term of imprisonment to the extent of the length of the special parole term. It is impossible, therefore, to accept the argument that the parole term is to be imposed only where the charge is violation of the substantive provision. It is logical to view the reference to imprisonment in § 846 as intending to incorporate all of the imprisonment provision in § 841(b).

*United States v. Jacobson*, 578 F.2d 863, 868 (10th Cir. 1978).

We note too that in a closely analogous case, *United States v. Dankert*, 507 F.2d 190 (5th Cir. 1975), the Fifth Circuit upheld the imposition of a special parole term in addition to imprisonment under 21 U.S.C. § 963. Section 963 prohibits conspiracy to import, rather than manufacture, controlled substances; the corresponding substantive sections, §§ 952(a)(1) and 960(b)(1), punish the actual importation of these substances, and

as such, they are companion sections to the substantive offense section involved in the instant appeal. In *Dankert* the appellant made the argument, similar to that advanced by appellant Bifulco, that § 963 does not include the special parole term provision of § 960(b)(2). Section 963 provides:

Any person who attempts or conspires to commit any offense defined in this subchapter is punishable by *imprisonment or fine or both* which may not exceed the *maximum punishment* prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

(emphasis added). The *Dankert* Court rejected the interpretation proffered by appellant:

The punishment provision of § 963 must be considered in light of §§ 952(a) and 960, since it is these statutes which define the offense which was the object of the conspiracy, and provide for punishment therefor. They provide:

§ 952(a) It shall be unlawful to import . . . [certain] controlled substance[s] . . . . .

\*   \*   \*   \*   \*   \*

§ 960(a)(1)

Any person who—

contrary to section 952, 953, or 957 of this title, knowingly or intentionally imports or exports a controlled substance,

\*   \*   \*   \*   \*   \*

shall be punished as provided in subsection (b) of this section.

§ 960(b)(1)

In the case of a violation under subsection (a) of this section with respect to a narcotic drug in schedule I or II, the person committing such violation shall be imprisoned not more than fifteen years, or fined not more than $25,000, or both. If a sentence under this paragraph provides for imprisonment, the sentence shall include a special parole term of not less than three years in addition to such term of imprisonment.

\*   \*   \*   \*   \*   \*

We have no trouble whatever in understanding the language of § 963 to permit punishment not exceeding that provided for an offense in violation of § 952(a).

*Id.* at 191.

We agree with the position taken by the Fourth, Fifth and Tenth Circuits on this issue. Therefore, we affirm the order of the district court denying appellant's § 2255 motion.