**UNITED STATES of America**

v.

**Fred W. LATHERN, Harry J. Lynch, Irvin Wood.**

Crim. No. 78–395.

United States District Court, District of Columbia.

March 13, 1980.

Fred W. Lathern, Harry J. Lynch and Irvin Wood, pro se.

Charles J. Harkins, Asst. U. S. Atty., Major Crimes Division, Washington, D. C., for United States.

MEMORANDUM AND ORDER

FLANNERY, District Judge.

The three above-named defendants were convicted under the Comprehensive Drug

Abuse Prevention and Control Act of 1970 (hereinafter "the Act"), 21 U.S.C. § 846 (1972), and sentenced to a term of one to four years imprisonment (later reduced to one to three years) to be followed by a special parole term of three years. They are currently incarcerated at Allenwood Federal Prison Camp.

Section 846, under which defendants were convicted, provides:

> Any person who attempts or conspires to commit any offense defined in this subchapter is punishable by *imprisonment or fine or both* which may not exceed the *maximum punishment* prescribed for the offense, the commission of which was the object of the attempt or conspiracy. (Emphasis added.)

The substantive offense statute applicable to these defendants is 21 U.S.C. section 841(b)(1)(B).

> [Offenders] shall be sentenced to a term of imprisonment of not more than 5 years, a fine of not more than $15,000, or both . . . Any sentence imposing a *term of imprisonment* . . . shall . . . impose a *special parole term* of at least 2 years *in addition* to such term of imprisonment . . . (Emphasis added.)

Defendants maintain that § 846 provides only for penalties of imprisonment and fine. They therefore argue that imposition of the three-year special parole terms was improper. Acting *pro se*, each moves, pursuant to *Federal Rule of Criminal Procedure* 35, to correct the allegedly illegal sentence imposed on them by this court. For the reasons discussed *infra*, each of the motions will be denied.

The question whether § 846 authorizes the imposition of a special parole term upon a conspiracy conviction under that provision has never been addressed directly by any court in this circuit. Accordingly, the court will look to the law of other circuits. Employing all or a combination of the various arguments presented *supra*, the second (*Bifulco v. United States*, 600 F.2d 407 (2d Cir. 1979)), fourth (*United States v. Burman*, 584 F.2d 1354 (4th Cir. 1978), *cert. denied*,

439 U.S. 1118, 99 S.Ct. 1026, 59 L.Ed.2d 77, *Walber v. U. S.*, 440 U.S. 922, 99 S.Ct. 1248, 59 L.Ed.2d 474 (1979)), eighth (*United States v. Sellers*, 603 F.2d 53 (8th Cir. 1979)), and tenth (*United States v. Jacobson*, 578 F.2d 863 (10th Cir. 1978), *cert. denied*, 439 U.S. 932, 98 S.Ct. 324, 58 L.Ed.2d 327 (1978)) circuits have expressly declared the propriety of imposing a special parole term under section 846. In addition, the fifth circuit, in *United States v. Dankert*, 507 F.2d 190 (4th Cir. 1975), upheld a special parole term imposed under 21 U.S.C. § 963 (1972) (conspiracy to import a controlled substance), a section of the Act identical in wording to § 846. Subsequent decisions have treated *Dankert* as completely on point with the same issue raised under § 846. *See, e. g., Bifulco, supra*, at 410; *Burman, supra*, at 1358; *Sellers, supra*, at 58; *Jacobson, supra*, at 868; *Fassette v. United States*, 444 F.Supp. 1245, 1248 (C.D. Cal.1978).

Only a few courts have refused to allow imposition of a special parole term under section 846. The first court to take this position was that in *Fassette v. United States, supra*. While the court found that addition of the special parole term to the defendant's sentence was impermissible, it nonetheless expressed the desire to have the issue definitively settled by the Ninth Circuit Court of Appeals. However, no appeal was taken in the case, and that circuit's law remains unclear.

Although some district courts have followed *Fassette's* lead (*see, e. g., United States v. Jacquinto*, 464 F.Supp. 728 (E.D. Pa.1979)), only one circuit court of appeals, the third, has explicitly forbidden the imposition of special parole under § 846. In *United States v. Mearns*, 599 F.2d 1296 (3d Cir. 1979), the court affirmed the district court's deletion of that portion of defendants' sentences imposing three-year special parole terms. The case is currently before the Supreme Court on a petition for certiorari (48 U.S.L.W. 3276, filed September 12, 1979, No. 79–415).

In sum, with the sole exception of the third, every circuit addressing the issue has

read § 846 as incorporating in total the punishment provisions of section 841.

In addition, policy considerations weigh most heavily in favor of those urging the imposition of special parole under § 846. This type of punishment is specifically tailored to situations involving drug abuse. Theoretically, the mandatory special parole term prevents renewed narcotics dealings by past drug offenders following their release from prison and good behavior parole. This rationale for imposing a special term in actual commission cases applies equally well to cases involving drug-related conspiracies (although not to accessory cases, where the defendant aiding a drug abuser often is not personally involved with the drug itself; *see, e. g., United States v. Wells*, 470 F.Supp. 216 (D.C.Iowa 1979), where the court refused to impose a special parole term following the defendant's conviction as an accessory to a conspiracy to distribute heroin).

Furthermore, as the court in *United States v. Burman, supra*, pointed out, allowing a special parole penalty only for violations of the substantive offense statute, while not for conspiracies, "would produce the absurd result of subjecting large scale heroin distributors to less punishment than the small scale offender who may be convicted of a single narcotics transaction . . . ." *Id.* at 1357.

It appears to this court that current support by the majority of circuits for the imposition of a special parole term pursuant to a § 846 conviction is amply justified by principles of statutory construction as well as by policy considerations. Therefore, the court will accordingly deny each defendants' motion.