UNITED STATES of America, Appellee,

v.

Michael Allen RUSH, Appellant.

No. 79–1251.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 4, 1980.

Decided July 7, 1980.

Michael Allen Rush, Garden Grove, Cal., pro se.

Bruce R. Castetter, Asst. U. S. Atty. (on the brief), Michael H. Walsh, U. S. Atty., San Diego, Cal., for appellee.

Before GOODWIN and FERGUSON, Circuit Judges, and LUCAS,* District Judge.

PER CURIAM.

Michael Allen Rush pleaded guilty to conspiracy to possess a controlled substance with intent to distribute, in violation of 21

___

* The Honorable Malcolm M. Lucas, United States District Judge for the Central District of California, sitting by designation.

U.S.C. § 846. He was sentenced to two years in prison followed by a special parole term of five years. The only issue[1] on appeal is whether a special parole term may be imposed for a conviction of conspiracy to violate federal drug laws. Because of disagreement among the circuits, and the pendency of the issue before the Supreme Court in *Bifulco v. United States*, 600 F.2d 407 (2nd Cir.), *cert. granted*, 444 U.S. 897, 100 S.Ct. 205, 62 L.Ed.2d 133 (1979), we deferred submission of this appeal until the Supreme Court rendered its decision in *Bifulco v. United States*, —— U.S. ——, 100 S.Ct. 2247, 64 L.Ed.2d ——, 27 U.S.Cr.L. 3173 (1980).

The Supreme Court has resolved the question in favor of the appellant. It follows that judgment must be vacated and the cause remanded for the entry of an appropriate judgment pursuant to the decision in *Bifulco v. United States, supra*.

Vacated and remanded.

1. Rush filed a Fed.R.Crim.P. 35 motion to correct his sentence, asserting that the special parole term prescribed by 21 U.S.C. § 841(b)(1)(B) could not be imposed for a conspiracy conviction. The appeal is from the order denying Rule 35 relief.