UNITED STATES of America

v.

Ancel James HOLLAND et al.

Crim. No. J–80–0232.

United States District Court,
D. Maryland.

Aug. 1, 1980.

Glenn L. Cook, Steven A. Allen, Asst. U.S. Attys., Baltimore, Md., for plaintiff.

Howard Cardin, Baltimore, Md., for Ancel J. Holland.

William Zinman, Baltimore, Md., for Lionel Louden.

William Beale, Baltimore, Md., for Eugene Holland.

Jack I. Hyatt, Baltimore, Md., for Tyrone Holland.

Steven Thomas, Baltimore, Md., for Ava Holland.

Dean P. Gunby, Baltimore, Md., for Marvin Dawson.

Bruce C. Bereano, Annapolis, Md., for Ronald Ross.

Joseph Kiel, Towson, Md., for Aubrey Pitts.

Thomas Ward, Baltimore, Md., for Albert Brown.

Clewell Howell, Jr., Towson, Md., for Ricardo Myers.

Theodore A. Cavacos, Baltimore, Md., for Derric Thomas.

Steven C. Friedman, Baltimore, Md., for Harold Moody.

Phillip Sutley, Baltimore, Md., for Bruce Wise.

Stanley Reed, Baltimore, Md., for Herbert Wyche.

Tucker Dearing, Baltimore, Md., for Stephanie Smith.

## MEMORANDUM OPINION

SHIRLEY B. JONES, District Judge.

Numerous defendants [1] have filed pretrial motions for severance pursuant to Fed.R. Crim.P. 14 (Relief from Prejudicial Joinder) in this case. The common thread that runs through all these motions is that each defendant contends his alleged participation as charged is minimal and thus substantial prejudice would be unavoidable. Additionally, each claims that at a joint trial, the potential for the introduction of co-defendant's statements which may incriminate them without the relief of cross-examination and confrontation if that co-defendant does not testify is too prejudicial to be tolerated on the claim of judicial economy.

The Government, in a Superseding Indictment filed on June 25, 1980, has alleged that all of the defendants participated, at some time, from the spring of 1976 up to the date of the indictment in a conspiracy to unlawfully distribute and possess with the intent to distribute heroin and cocaine. 21 U.S.C. § 846. Counts two, three and fourteen allege that Ancel J. Holland on two different occasions traveled in interstate commerce with the intent to promote, manage, establish, etc., an unlawful activity, to wit, a business enterprise involving the manufacture and distributing of heroin and cocaine. 18 U.S.C. § 1952(a)(3). Counts four through thirteen, and fifteen through twenty-four charge various defendants, sometimes one sometimes more, with various violations of 21 U.S.C. § 843(b) (unlawful use of telephone to cause or facilitate the commission of conspiracy to distrib-

ute heroin and cocaine) and 21 U.S.C. § 841(a)(1) (manufacture, distribute, etc. or possess with intent to manufacture or distribute heroin or cocaine). For the reasons set forth below, it is not necessary to elaborate on the charges or the defendants on each count, for the purpose of this motion. Finally, count twenty-five alleges that Ancel J. Holland has maintained a continuing criminal enterprise in violation of 21 U.S.C. § 848.

The issue before the Court on this motion is twofold. First, because of the limited involvement of each defendant, a joint trial, it is claimed, will prejudice each. As defense counsel at oral argument contended, any evidence as to one defendant would have a "spill-over" effect on the rest. Second, and more important, counsel for Herbert Wyche have formally filed a severance motion contending that joinder of defendants under Fed.R.Crim.P. 8(b) [2] is improper in that the single conspiracy alleged by the Government in Count One is, in reality, multiple conspiracies. Counsel for several other defendants orally adopted the motion on behalf of their clients. Because of the importance of this issue from a practical standpoint, and because this case is at a different procedural posture from *United States v. Walker*, 430 F.Supp. 609 (D.Md. 1977) (motion for new trial), *aff'd*, 584 F.2d 1354 (4th Cir. 1978), *cert. denied*, 439 U.S. 1118, 99 S.Ct. 1027, 59 L.Ed.2d 78 (1979), a further word is warranted.

*Single vs. Multiple Conspiracy*

Professor Perkins has defined conspiracy as "a combination for an unlawful purpose." Perkins, *Criminal Law* at 529

---

1. The following defendants have filed Rule 14 motions: Ancel J. Holland; Tyrone Holland; Ava (Eva) Holland; Eugene Holland; Herbert Wyche; Lionel Louden; Albert Brown; Derric Thomas; Ricardo Myers; Marvin Dawson. At the hearing on this and other motions on July 21, 1980, counsel for Ronald Ross apprised the Court that he had filed such a motion and that he joined in the arguments that had already been made. Counsel on behalf of Harold Moody filed such a motion on July 21, after these hearings had begun. The legal arguments, however, are the same. Motions have been filed on behalf of Aubrey Pitts, but none requesting a severance under Rule 14. No mo-

tions have been filed on behalf of Bruce Wise or Stephanie Smith. Ronald Epps and Rufus Samuels have been and continue to be fugitives.

2. Rule 8(b) provides:

Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

(1957 ed.). The Supreme Court has stated more narrowly that a "[c]onspiracy is an inchoate offense, the essence of which is an agreement to commit an unlawful act." *Iannelli v. United States,* 420 U.S. 770, 777, 95 S.Ct. 1284, 1289, 43 L.Ed.2d 616 (1975). While mere presence at the site of the substantive offense charged in a conspiracy does not make one automatically a co-conspirator, one need not know all the members of the alleged conspiracy or be a participant in all overt acts charged in the conspiracy to be a member of it. *United States v. Burman,* 584 F.2d 1354, 1357 (4th Cir. 1978), *cert. denied,* 439 U.S. 1118, 99 S.Ct. 1026, 59 L.Ed.2d 77 (1979); *United States v. Blackshire,* 538 F.2d 569, 571 (4th Cir.), *cert. denied,* 429 U.S. 840, 97 S.Ct. 113, 50 L.Ed.2d 108 (1976) (defendant "at the periphery of the conspiracy"). Also, "a single act may involve a person in a conspiracy if from the act an intent to participate may reasonably be inferred." *United States v. Harris,* 409 F.2d 77, 83 (4th Cir. 1969). Thus, the key in determining whether one charged in a conspiracy is in fact a co-conspirator is the focusing on the conduct of the accused and whether that conduct is or can be permissibly inferred to be in furtherance of the aims of the conspiracy. LaFave & Scott, *Criminal Law,* § 61 at 461 (1972 ed.). While obviously relevant, it is not dispositive that each accused conspirator is not charged with a substantive offense, *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942), or that each did not know of the conspiracy. *See United States v. Michel,* 588 F.2d 986, 995 (5th Cir.), *cert. denied,* 444 U.S. 825, 100 S.Ct. 47, 62 L.Ed.2d 32 (1979); *United States v. Kearney,* 560 F.2d 1358, 1362 (9th Cir.), *cert. denied,* 434 U.S. 971, 98 S.Ct. 522, 54 L.Ed.2d 460 (1977). Nor must the Government prove each overt act alleged in count one. "Proof that at least one overt act was committed in furtherance of the conspiracy is sufficient." *United States v. Anderson,* 611 F.2d 504, 510 (4th Cir. 1979).

As Judge Murray of this Court recognized in *United States v. Walker,* 430 F.Supp. 609 (D.Md.1977), the issue as to whether a multiple or single conspiracy is involved begins with an examination of *Kotteakos v. United States,* 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). *Id.* at 614. In *Kotteakos,* the Supreme Court determined, as relevant here, that a number of conspiracies were made out and not a single conspiracy as alleged in the Indictment. *Kotteakos v. United States,* 328 U.S. at 755, 66 S.Ct. at 1243–44.[3] The Court also recognized that any variance in the proof as compared with the allegations in the Indictment must, under *Berger v. United States,* 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935), " 'affect the substantial rights' of the accused." *Kotteakos v. United States,* 328 U.S. at 757, 66 S.Ct. at 1244 (*quoting Berger v. United States,* 295 U.S. at 82, 55 S.Ct. at 630–31). In *United States v. Walker, supra,* Judge Murray in the context of a motion for a new trial, examined the evidence that had been produced and his instructions to the jury. In the second (Burman) trial, Judge Murray instructed the jury that "[w]hether there was one conspiracy, several, or no conspiracies at all is a fact for you to determine in accordance with the instructions that I have given you with regard to a conspiracy." *United States v. Walker,* 430 F.Supp. at 614. Thus, in reviewing *Kotteakos* and *Berger,* Judge Murray rejected the defendant's contention that it was error in failing to instruct the jury that if the Government's proof indicated that there was more than a single conspiracy, defendants were entitled to an acquittal. *Id.* It was within the province of the jury to determine as a matter of fact whether there was a single or multiple conspiracy. *See United States v. Burman,* 584 F.2d at 1356.[4] By appropriately instructing the jury, this "minimize[s] the possibility of

---

**3.** "As the Government puts it, the pattern was 'that of separate spokes meeting in a common center,' though, we may add, without the rim of the wheel to enclose the spokes." *Kotteakos v. United States,* 328 U.S. at 755, 66 S.Ct. at 1243.

**4.** In the context of single versus multiple conspiracy, *Burman* remains viable. The recent pronouncement in *Bifulco v. United States,* —— U.S. ——, ——, 100 S.Ct. 2247, 2258, 65 L.Ed.2d 205 (1980) attacks only the Court of Appeals' conclusion that a special parole term

any [substantial] prejudice resulting from proof of multiple conspiracies." *United States v. Walker*, at 617.

■ It appears clear that the determination of whether a multiple or single conspiracy exists is generally a question of fact for the jury to determine. *United States v. Macker*, 608 F.2d 223, 228 (5th Cir. 1979); *United States v. Thomas*, 586 F.2d 123, 132 (9th Cir. 1978); *United States v. Heath*, 580 F.2d 1011, 1022 (10th Cir. 1978); *United States v. Panebianco*, 543 F.2d 447, 452 (2d Cir. 1976), *cert. denied*, 429 U.S. 1103, 97 S.Ct. 1128, 51 L.Ed.2d 553 (1977).

■ Defendants continue their assault on count one of this Indictment, arguing that on its very face it alleges multiple conspiracies with Ancel J. Holland as the "hub" of the wheel and the other co-defendants as the spokes. Relying on *Kotteakos*, defendants argue that this wheel has no rim connecting all the co-defendants in a single conspiracy with Ancel Holland as its head.[5] Regardless of whether this is a wheel or chain conspiracy[6] it is not clear at this point that multiple conspiracies are involved necessitating severance. Count one alleges that Ancel Holland was the head of a narcotics business enterprise and that all of the other defendants were allegedly couriers, cutters, packagers, distributors, dealers or money collectors. All of the defendants, except Albert Brown and Stephanie Smith, are alleged, in paragraph seven of count one, to have at all times relevant to the Indictment "distributed narcotics to individuals known and unknown to the Grand Jury." While perhaps this allegation is not set forth in the clearest of terms, it does comply with the requirements of Fed. R.Crim.P. 7(c)(1) as to a plain statement of the essential facts of the offense charged. In paragraph three, Albert Brown is alleged to have distributed narcotics for Ancel Holland in the Baltimore Metropolitan area and in paragraph twelve Stephanie Smith is alleged to have "maintained certain residences to further the narcotics trafficking of the Holland organization." The details of these alleged overt actions on the defendants' part is a matter for discovery, which has and continues to be utilized by the defendants. Each defendant is not charged with identical overt actions in count one. There is no principle of law that says they must. Nor can the Court presume substantial prejudice from a variance of proof at this stage in the proceedings. *United States v. Ortiz*, 603 F.2d 76, 78 (9th Cir. 1979). If a substantial variance occurs between the allegations in the Indictment and the evidence presented at trial, appropriate instructions may be warranted.

■ The decision whether to grant a severance in general lies within the sound discretion of the trial court. *United States v. Mandel*, 415 F.Supp. 1033 (D.Md.1976), *vacated on other grounds*, 591 F.2d 1347 (4th Cir.), *conviction aff'd. en banc*, 602 F.2d 653 (4th Cir. 1979), *cert. denied*, 445 U.S. 959, 100 S.Ct. 1667, 64 L.Ed.2d 250 (1980). From the Court's reading of *Kotteakos* and its progeny, especially *United States v. Walker*, any determination of whether a single or multiple conspiracy exists must await the evidence produced.

Defendants also contend that to try all the co-defendants together will substantial-

---

is permissible on a conspiracy to violate the narcotic laws, 21 U.S.C. § 846.

**5.** In *Bolden v. State*, 44 Md.App. 643, 410 A.2d 1085 (1980), the Court of Special Appeals of Maryland stated that: "[a] 'wheel' conspiracy is shown when a number of people (the spokes) are engaged in similar relationships with the same individual (the hub). The 'chain' conspiracy is characterized by different activities carried on with the same subject of a conspiracy in such a manner that each conspirator in a chain-like manner performs a separate function which serves in the accomplishment of the overall conspiracy." *Id.* at 650, 410 A.2d at

1091. *See generally* Marcus, *Prosecution and Defense of Criminal Conspiracy Cases*, §§ 4.02[2]–4.03 at 4–10–4–37 (1978 ed.).

**6.** A determination of whether severance is necessary revolves around whether the Court at this time must say that multiple conspiracies rather than a single conspiracy exists and not whether the conspiracy is of a "wheel" or "chain" variety. There is some authority that the alleged conspiracy herein is of the chain variety. LaFave & Scott, *Criminal Law* § 62 at 480 (1972 ed.).

ly prejudice their respective cases. Albert Brown and Ava Holland argue that they are only charged in count one with conspiracy and that to try them with Ancel Holland, the alleged ringleader, would substantially prejudice their case. "Absent a prejudicial effect, persons indicted together may generally be tried together." *United States v. Karas*, 624 F.2d 500, 504 (4th Cir. 1980). Defendants have not shown the Court substantial prejudice at this stage to warrant separate trials. It is the duty of the Court to weigh the defendants' right to a fair trial, untainted except as the evidence relates to him, with a defendant's and the public's right to a speedy trial. While judicial economy must take a back seat to ensuring a fair trial for each defendant, it would not appear impossible to accomplish this with an explanation to the jury at the beginning of the trial and appropriate instructions at the conclusion.[7]

The Court is aware that in *United States v. Kaplan*, 588 F.2d 71 (4th Cir. 1978)[8], the Court of Appeals stated that an inquiry as to proper joinder of defendants under Fed. R.Crim.P. 8(b) must concentrate as to the "common nexus" between the defendants and the illegal acts alleged and whether there is a commonality of proof. *Id.* at 74. The Government contends that this is precisely what they intend to show as to count one (conspiracy) and that the jury can be adequately instructed to confine the evidence of any substantive offenses to those so charged and thus prevent "guilt by association." As stated earlier, a severance of defendants or counts would not appear to the Court to be warranted at this time.

*Count Twenty-Five*

■ Defendant, Ancel J. Holland, is charged in count twenty-five of the superseding Indictment with a violation of 21 U.S.C. § 848, *i. e.*, that he occupied a posi-

tion of organizer, supervisor and manager of a continuing criminal enterprise, 21 U.S.C. § 848(b)(2)(A). Holland argues that proof of a continuing series of violations will be inadmissible as to the other counts he is charged with and that any proof as to profits or substantial income, an element of the crime, would be highly inadmissible and irrelevant. The other defendants join in Holland's request that this count be severed. The Government responds that it is not prejudicial either as to Holland or any of the defendants and that all the evidence of count twenty-five will be presented in proving the conspiracy.

21 U.S.C. § 848(b) provides that a person is engaging in a continuing criminal enterprise if

(1) he violates any provision of the subchapter the punishment for which is a felony, and

(2) such violation is a part of a continuing series of violations of this subchapter or subchapter II of this Chapter—

(A) which are undertaken by such person in concert with five of more persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and

(B) from which such person obtains substantial income or resources.

First, a joint trial with both a conspiracy charge and a continuing criminal enterprise is certainly not unheard of. *United States v. Howard*, 590 F.2d 564 (4th Cir.), *cert. denied*, 440 U.S. 976, 99 S.Ct. 1547, 59 L.Ed.2d 795 (1979). Since *Jeffers v. United States*, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977), it would appear to be settled that a conspiracy to distribute heroin and cocaine, as alleged in count one is a lesser-included offense of count twenty-five continuing criminal enterprise. "Because conspiracy to import [marijuana] is a lesser-

---

**7.** Defendants argue that a joint trial will create unnecessary and irremediable evidentiary problems. Patently, it may create evidentiary problems that might not occur in a separate trial, but none that would warrant severance.

**8.** The Government's request for a rehearing was granted as to the co-defendant Alan Jef-

frey Seidel. The Court of Appeals vacated the earlier panel opinion reversing Seidel's conviction and remanding for a new trial, *United States v. Seidel*, 620 F.2d 1006, 1017 (4th Cir. 1980), and held that automatic reversal was no longer required for a violation of Fed.R.Crim.P. 8(b).

including offense to conducting a continuing criminal enterprise, it cannot support a separate conviction and sentence. . . . The proper remedy for convictions on both greater and lesser offenses is to vacate both the conviction and the sentence of the lesser-included offense." *United States v. Michel,* 588 F.2d 986, 1001 (5th Cir.), *cert. denied,* 444 U.S. 825, 100 S.Ct. 47, 62 L.Ed.2d 32 (1979); *United States v. Johnson,* 575 F.2d 1347, 1354 (5th Cir. 1978), *cert. denied,* 440 U.S. 907, 99 S.Ct. 1214, 59 L.Ed.2d 454 (1979). Assuming both counts one and twenty-five are to be submitted to the jury, Ancel Holland may be entitled to an instruction that he cannot be convicted of both conspiracy and conducting a criminal enterprise. *United States v. Michel,* 588 F.2d at 1001 n. 16. In *Jeffers,* the Government sought by motion to join two indictments for one trial. The first indictment charged Jeffers and others with conspiracy to distribute heroin and cocaine, the second charging that Jeffers headed a continuing criminal enterprise. 432 U.S. at 140–41, 97 S.Ct. at 2210–11. The trial court denied the Government's motion and Jeffers first stood trial on the conspiracy charges and was subsequently convicted. *Id.* at 143, 97 S.Ct. at 2212. He was later tried and convicted of engaging in a continuing criminal enterprise. *Id.* at 145, 97 S.Ct. at 2213. The Court found that this case was an exception to the rule that the "Double Jeopardy Clause prohibits a State or the Federal Government from trying a defendant for a greater offense after it has convicted him of a lesser included offense." *id.* at 150, 97 S.Ct. at 2216, as set forth in a case decided the same day as *Jeffers, Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). The Court held that since it was Jeffers who elected to have the two offenses tried separately by objecting to the Government's motion to join, he could hardly be heard to complain now. *Id.* at 152, 97 S.Ct. at 2216–17.

Finally, dicta, but persuasive dicta, from *Jeffers* leads to the conclusion that a severance is not warranted in this case.

[T]rial together of the conspiracy and continuing-criminal-enterprise charges could have taken place without undue prejudice to petitioner's Sixth Amendment right to a fair trial. If the two charges had been tried in one proceeding, it appears that petitioner would have been entitled to a lesser-included-offense instruction. *Id.* at 153, 97 S.Ct. at 2217–2218.

As has been stated, count one alleges numerous overt activities on Ancel Holland's part in furtherance of the conspiracy. Count twenty-five alleges that the other counts as relevant to Holland form the basis for the continuing criminal enterprise violation. There is nothing in footnote 21 of *Jeffers* that requires the conclusion that if severance is requested, it must be permitted. Rather, as with the other arguments, appropriate cautionary instructions if warranted will cure any potential prejudice or confusion on the jury's part.

In summary, the motions for severance for the reasons stated in this Memorandum Opinion are denied.